1  GREGORY J. BROD, CSB 184456
   BROD LAW FIRM, P.C.
2  17 Keller Street
3  Petaluma, California 94952
   Telephone (415) 397-1130
4  Facsimile (415) 397-2121
5
   Attorneys for Plaintiff
6  JEREMY HALEY

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  JEREMY HALEY,                        )  Case No.
                                         )
13                                       )
                                         )
14            Plaintiffs,                )  **COMPLAINT FOR DAMAGES [JURY
                                         )  DEMANDED]**
15        vs.                            )
                                         )
16                                       )
                                         )    1. **Deliberate Indifference – Cruel and
17  CITY AND COUNTY OF SAN FRANCISCO     )       Unusual Punishment (42 U.S.C. §
    and DOES 1 to 50,                    )       1983);**
18                                       )    2. **False Arrest (42 U.S.C. § 1983);**
                                         )    3. **Excessive Force (42 U.S.C. § 1983)**
19            Defendants.                )
                                         )
20                                       )
                                         )
21  _____     )

22        Plaintiff JEREMY HALEY hereby complains and allege against Defendants CITY AND

23  COUNTY OF SAN FRANCISCO and DOES 1 to 50, and each of them, as follows:

24              **I.  JURISDICTION, VENUE AND PARTIES**

25        1.      Plaintiff JEREMY HALEY is an individual, and at all relevant times mentioned

26

27  herein, was a resident of the County of San Francisco.

28

**COMPLAINT FOR DAMAGES:** Case No.

1

2.      Defendant CITY AND COUNTY OF SAN FRANCISCO is a public entity doing business within the County of San Francisco, State of California.

3.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 to 50, and each of them, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe and thereon allege that each of the fictitiously named Defendants are legally responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by said Defendants.

4.      At all times mentioned herein, each of the Defendants were the agent, servant and employee of each of the remaining Defendants, and were, at all times mentioned herein, acting within the course and scope of their respective authority as agents, servants and employees, and that each Defendant's conduct was authorized, permitted, consented to and ratified by their Co-Defendants. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over any of plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court because the injuries giving rise to this action occurred in the County of San Francisco, the proper judicial district. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Francisco, California.

COMPLAINT FOR DAMAGES: Case No.

2

6.      Plaintiff was required to comply with the applicable claims statute, California Govt. Code § 945.4, and did so comply.

## II. FACTUAL ALLEGATIONS

7.      On or about December 11, 2022, Plaintiff JEREMY HALEY was a passenger in a taxicab driven by KINGSELY NJEMANZE.

8.      After a dispute, presumably over the taxicab fare, Mr. HALEY exited the vehicle. Subsequently Mr. NJEMANZE drove his vehicle forward, proceeded to complete a U-turn, and drove his taxicab directly onto the sidewalk, where he ran down Mr. HALEY, a pedestrian, who was completely on the sidewalk.

9.      According to two independent witnesses who saw NJEMANZE's vehicle complete a U-turn and run down Mr. HALEY, NJEMANZE then reversed his vehicle off of the sidewalk, and fled the scene.

10.      As a result of being run over by the subject taxicab, which eyewitnesses described as being "plowed" into, JEREMY HALEY suffered serious and permanent injuries, which was known by Defendants, and each of them.

11.      Based upon information and belief, NJEMANZE was ultimately apprehended and arrested in Daly City, California, where he was charged with Aggravated Assault with a Deadly Weapon, criminal hit and run, and falsely reporting a crime.

12.      Based upon information and belief, at some point after the subject automobile versus pedestrian collision, KINGSLEY NJEMANZE caused a police report to be filed, accusing JEREMY HALEY of assaulting NJEMANZE with pepper spray.

13.      Based upon information and belief, NJEMANZE did not exhibit any physical

---

**COMPLAINT FOR DAMAGES:** Case No.

impairment or injury at the time of his arrest. In fact, after Mr. HALEY exited the subject

taxicab, NJEMANZE was able to complete a U-turn drive upon the sidewalk and run a

pedestrian down, nearly killing him, then drive to Daly City, all without the need of any medical

assistance, whatsoever.

14.      After running down JEREMY HALEY on a San Francisco sidewalk, KINGSLEY

NJEMANZE was able to operate a motor vehicle in the described manner herein, exhibiting no

signs of impairment, whatsoever.

15.      Plaintiff JEREMY HALEY, the victim of a violent crime, was entitled to at least

some recognition and protection by and from the CITY AND COUNTY OF SAN FRANCISCO

regarding the charges brought against KINGSLEY NJEMANZE.

16.      On or about the evening of February 17, 2023, immediately prior to a three-day

holiday weekend, Defendants, and each of them, came to Mr. HALEY's home and arrested him

without probable cause.

17.      The CITY AND COUNTY OF SAN FRANCISCO District Attorney's office,

who was purportedly protecting Mr. HALEY's rights and interest as a victim of a serious and

potentially deadly crime, failed to notify Mr. HALEY that KINGSLEY NJEMANZE filed a

police report, which claimed that on December 11, 2022, Mr. HALEY assaulted KINGSLEY

NJEMANZE.

18.      The CITY AND COUNTY OF SAN FRANCISCO District Attorney's office,

who was purportedly protecting Mr. HALEY's rights and interest as a victim of a serious and

potentially deadly crime, failed to notify Mr. HALEY that was wanted for questioning, or that he

would be arrested on the eve of a three-day weekend.

19.      Defendants, and each of them, knew or should have known that JEREMY

**COMPLAINT FOR DAMAGES:** Case No.

HALEY was severely injured as a result of being run down by the subject taxicab in December of 2022.

20.     Defendants, and each of them, knew or should have known that as on February 17, 2023, JEREMY HALEY was nowhere near recovered from the serious injuries he suffered as result of being run down by the subject taxicab in December of 2022.

21.     Defendants, and each of them, knew or should have known that in February of 2023, JEREMY HALEY was unable to walk without the use of a cane due to the severe injuries he suffered as a result of being run down by the subject taxicab in December of 2022.

22.     Defendants, and each of them, knew or should have known that JEREMY HALEY suffered a spinal injury as a result of being run down by the subject taxicab in December of 2022.

23.     Defendants, and each of them, knew or should have known that in February of 2023, JEREMY HALEY posed no risk of escape or evading arrest, whatsoever.

24.     On or about February 17, 2023, Defendants, and each of them, came to JEREMY HALEY's home to arrest him for assaulting KINSLEY NJEMANZE in December of 2022, and used excessive force in arresting JEREMY HALEY.

25.     The Defendant police officers told JEREMY HALEY that unless he was able to post bail, he would remain in jail until the following Tuesday, as Defendants and each of them, knew Mr. HALEY was being taken into custody on the eve of a three-day weekend.

26.     Defendants, and each of them, knew or should have known that KINSLEY NJEMANZE's claims against JEREMY HALEY, were patently false.

27.     Based upon information and belief, due to a policy of the Defendant CITY AND

---

**COMPLAINT FOR DAMAGES:** Case No.

COUNTY OF SAN FRANCISCO District Attorney's office, which utterly disregards the rights of victims of violent crime in San Francisco, Plaintiff JEREMY HALEY was no longer entitled to any recognition as a victim regarding the prosecution of KINGSLEY NJEMANZE.

28.     Based upon information and belief, due to the Defendant CITY AND COUNTY OF SAN FRANCISCO District Attorney's office's apparent policy, Defendants ceased communications with Mr. HALEY, the victim of violent crime in San Francisco, who was not advised of the status of the criminal prosecution against NJEMANZE, nor asked if he wished to participate in NJEMANZE's criminal proceeding.

29.     Based upon information and belief, Defendants, and each of them had access to and viewed video footage, that conclusively proved the deliberate actions of KINGSLEY NJEMANZE, as described herein.  There could be no reasonable or rational basis for charging JEREMY HALEY with a crime, when Mr. HALEY was clearly a victim of a violent crime.

30.     Based upon information and belief, Defendants, and each of them had access to multiple eyewitness reports that proved the deliberate actions of KINGSLEY NJEMANZE, as described herein. There could be no reasonable or rational basis for charging JEREMY HALEY with a crime, when Mr. HALEY was clearly a victim of a violent crime.

31.     Defendants, and each of them, deliberately chose to ignore the reports of the officers who responded to the subject event, the multiple eyewitnesses to the subject event, and video footage of the subject event, all in complete and total disregard of Plaintiff JEREMY HALEYs rights as a victim of a violent crime.

32.     JEREMY HALEY, therefore, was arrested without any probable cause.

33.     Upon arresting JEREMY HALEY on or about February 17, 2023, Defendants

**COMPLAINT FOR DAMAGES:** Case No.

1   employed multiple officers, who used excessive force and unreasonable force, particularly due to

2   the disabled condition of Mr. HALEY.

3
4       34.     Defendants, and each of them, unlawfully detained Plaintiff JEREMY HALEY

5   without probable cause, when in fact Defendants knew Mr. HALEY was a victim of a very

6   serious and potentially deadly assault with a motor vehicle.

7       35.     At all times mentioned herein, Defendants, and each of them, were deliberately

8   indifferent to Plaintiff JEREMY HALEY's serious medical needs.

9
10      36.     Prior to arresting Plaintiff JEREMY HALEY in February 2023, Defendants, and

11  each of them, owed a duty to Plaintiff to investigate the subject incident involving Mr. HALEY

12  and KINGSLEY NJEMANZE properly, which Defendants, and each of them, failed to do.

13      37.     Defendants and each of them, knew or should have known JEREMY HALEY

14  was the victim of a violent crime, and therefore owed Mr. HALEY a duty to protect his rights as

15
16  a victim, and to reasonably investigate any claim that KINGSLEY NJEMANZE made against his

17  victim, Mr. HALEY.

18      38.     Under the totality of the circumstances as described herein, there was no fair

19  probability that Plaintiff JEREMY HALEY committed any crime.

20
21      39.     Under the totality of the circumstances as described herein, there was no probable

22  cause to arrest Plaintiff JEREMY HALEY.

23      40.     It was unreasonable for the Defendant officers who arrested JEREMY HALEY in

24  February of 2023 to use any force, whatsoever, as JEREMY HALEY was visibly disabled,

25  which was known to Defendants, and each of them.

26
27      41.     Plaintiff JEREMY HALEY, who was disabled at the time, did not resist arrest in

28

---

**COMPLAINT FOR DAMAGES:** Case No.

any way, and unreasonable force was used by the Defendant officers who arrested JEREMY

HALEY.

42.     At the time he was arrested in February of 2023, Defendants, and each of them

knew or should have known that JEREMY HALEY was disabled, and entitled to the protections

of the American Disabilities Act ("ADA").

43.     At the time he was arrested in February of 2023 by Defendants, and each of them,

failed to provide any reasonable accommodations to Plaintiff JEREMY HALEY.

44.     Defendants, and each of them, knew or should have known that there was never

any immediate need to take JEREMY HALEY into custody.

45.     Defendants, and each of them, were deliberately indifferent to training their

officers to adequately investigate prior to arresting a victim of a violent crime, which arrest took

place months after the initial crime.

46.     Defendants, and each of them, were deliberately indifferent to supervising their

officers to adequately investigate prior to arresting a victim of a violent crime, which arrest took

place months after the initial crime.

47.     Defendants, and each of them, were deliberately indifferent to Plaintiff JEREMY

HALEY's serious medical needs at the time of his arrest and detention.

48.     Defendants, and each of them, were acting under color of State law at all times,

and concerning all allegations herein.

//

//

//

---

**COMPLAINT FOR DAMAGES:** Case No.

1
2

**FIRST CAUSE OF ACTION**
**Deliberate Indifference – Cruel and Unusual Punishment (42 U.S.C. § 1983);**
**All Defendants**

3

49.     Plaintiff re-alleges and incorporates by reference each and every allegation

4

contained in paragraphs 1 through 48 of this Complaint For Damages against Defendants, and

5

each of them.

6

50.     Defendants, and each of them, knew or should have known that Plaintiff

7

JEREMY HALEY was severely injured as a result of being run down by the subject taxicab in

8
9

December of 2022.

10

51.     Defendants, and each of them, knew or should have known that as on February

11

17, 2023, JEREMY HALEY was nowhere near recovered from the serious injuries he suffered as

12

result of being run down by the subject taxicab in December of 2022.

13

52.     Defendants, and each of them, knew or should have known that in February of

14
15

2023, JEREMY HALEY was unable to walk without a cane due to the severe injuries he

16

suffered as a result of being run down by the subject taxicab in December of 2022.

17

53.     Defendants, and each of them, knew or should have known that JEREMY

18

HALEY suffered a spinal injury as a result of being run down by the subject taxicab in

19

December of 2022.

20
21

54.     Defendants, and each of them, knew or should have known that in February of

22

2023, JEREMY HALEY posed no risk of escape or evading arrest, whatsoever.

23

55.     On or about February 17, 2023, Defendants, and each of them, came to JEREMY

24

HALEY's home to arrest him for assaulting KINSLEY NJEMANZE in December of 2022, and

25

used excessive force in arresting Plaintiff JEREMY HALEY.

26

56.     The Defendant police officers told JEREMY HALEY that unless he was able to

27
28

---

**COMPLAINT FOR DAMAGES:** Case No.

post bail, he would remain in jail until the following Tuesday, as Defendants and each of them, knew Mr. HALEY was being taken into custody on the eve of a three-day weekend.

57.     Defendants, and each of them, knew or should have known that KINSLEY NJEMANZE's claims against JEREMY HALEY, were patently false, and that there was no probable cause to arrest or detain Plaintiff.

58.     At all times mentioned herein, Defendants, and each of them, were subjectively aware of Mr. HALEY's serious medical needs, and each intentionally failed to adequately respond.

59.     Defendants, and each of them, deliberately and consciously chose not to provide Plaintiff HALEY with reasonable accommodations in the arrest and detention as described herein.

60.     Defendants, and each of them, were a direct and proximate cause of depriving Plaintiff JEREMY HALEY of his constitutional right to be free of cruel and unusual punishment, as provided by the Eighth Amendment to the United States Constitution.

61.     The acts and omissions as described herein equated to cruel and unusual punishment, and a violation of the Eighth Amendment to the United States Constitution on behalf of Defendants, and each of them.

62.     The duties of Defendant were well established at the time of the deliberate indifference, and thus the doctrine of qualified immunity does not apply.

63.     As a direct and proximate result of the acts and omissions as described herein, JEREMY HALEY was deprived of his constitutional rights, which directly caused Plaintiff to suffer damages.

64.     As a direct and proximate result of Defendant's deliberate indifference, Plaintiff

**COMPLAINT FOR DAMAGES:** Case No.

endured pain and suffering, as well as emotional distress damages, for which compensatory

damages are warranted in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### False Arrest (42 U.S.C. § 1983);
### All Defendants

65.     Plaintiff re-alleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 64 of this Complaint For Damages against Defendants, and

each of them.

66.     On or about February 17, 2023, Defendants, and each of them, came to Plaintiff

JEREMY HALEY's home to arrest him for assaulting KINSLEY NJEMANZE in December of

2022, and used excessive force in arresting JEREMY HALEY.

67.     The Defendant police officers told JEREMY HALEY that unless he was able to

post bail, he would remain in jail until the following Tuesday, as Defendants and each of them,

knew Mr. HALEY was being taken into custody on the eve of a three-day weekend.

68.     Defendants, and each of them, knew or should have known that KINSLEY

NJEMANZE's claims against JEREMY HALEY, were patently false.

69.     Based upon information and belief, due to a policy of the Defendant CITY AND

COUNTY OF SAN FRANCISCO District Attorney's office, which utterly disregards the rights

of victims of violent crime in San Francisco, Plaintiff JEREMY HALEY was no longer entitled

to any recognition as a victim regarding the prosecution of KINGSLEY NJEMANZE.

70.     Based upon information and belief, due to the Defendant CITY AND

COUNTY OF SAN FRANCISCO District Attorney's office's apparent policy, Defendants

ceased communications with Mr. HALEY, the victim of violent crime in San Francisco, who

---

**COMPLAINT FOR DAMAGES:** Case No.

was not advised of the status of the criminal prosecution against NJEMANZE, nor asked if he

wished to participate in NJEMANZE's criminal proceeding.

71.     Based upon information and belief, Defendants, and each of them had access and

viewed video footage, that conclusively proved the deliberate actions of KINGSLEY

NJEMANZE, as described here in. There could be no reasonable or rational basis for charging

JEREMY HALEY with a crime, when Mr. HALEY was clearly a victim of a violent crime.

72.     Based upon information and belief, Defendants, and each of them had access to

multiple eyewitness reports that proved the deliberate actions of KINGSLEY NJEMANZE, as

described here in. There could be no reasonable or rational basis for charging JEREMY HALEY

with a crime, when Mr. HALEY was clearly a victim of a violent crime.

73.     Defendants, and each of them, deliberately chose to ignore the reports of the

officers who responded to the subject event, the multiple eyewitnesses to the subject event, and

video footage of the subject event, all in complete and total disregard of Mr. HALEYs rights as a

victim of a violent crime.

74.     JEREMY HALEY, therefore, was arrested without any probable cause.

75.     Upon arresting JEREMY HALEY on or about February 17, 2023, Defendants

used excessive force and unreasonable force.

76.     Defendants, and each of them, unlawfully detained JEREMY HALEY without

probable cause, when in fact Defendants knew Mr. HALEY was a victim of a very serious and

potentially deadly assault with a motor vehicle.

77.     The duties of Defendant were well established at the time of the deliberate

indifference, and thus the doctrine of qualified immunity does not apply.

78.     As a direct and proximate result of the acts and omissions as described herein,

**COMPLAINT FOR DAMAGES:** Case No.

JEREMY HALEY was deprived of his constitutional rights, which directly caused Plaintiff to suffer damages.

79.     As a direct and proximate result of Defendant's deliberate indifference, Plaintiff endured pain and suffering, as well as emotional distress damages, for which compensatory damages are warranted in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### Excessive Force (42 U.S.C. § 1983);
### All Defendants

80.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 79 of this Complaint For Damages against Defendants, and each of them.

81.     Defendants, and each of them, knew or should have known that JEREMY HALEY was severely injured as a result of being run down by the subject taxicab in December of 2022.

82.     Defendants, and each of them, knew or should have known that as on February 17, 2023, JEREMY HALEY was nowhere near recovered from the serious injuries he suffered as result of being run down by the subject taxicab in December of 2022.

83.     Defendants, and each of them, knew or should have known that in February of 2023, JEREMY HALEY was unable to walk without a cane due to the severe injuries he suffered as a result of being run down by the subject taxicab in December of 2022.

84.     Defendants, and each of them, knew or should have known that Plaintiff JEREMY HALEY suffered a spinal injury as a result of being run down by the subject taxicab in December of 2022.

85.     Defendants, and each of them, knew or should have known that in February of

2023, Plaintiff JEREMY HALEY posed no risk of escape or evading arrest, whatsoever.

86.     On or about February 17, 2023, Defendants, and each of them, came to Plaintiff JEREMY HALEY's home to arrest him for assaulting KINSLEY NJEMANZE in December of 2022, and used excessive force in arresting JEREMY HALEY.

87.     The Defendant police officers told JEREMY HALEY that unless he was able to post bail, he would remain in jail until the following Tuesday, as Defendants and each of them, knew Mr. HALEY was being taken into custody on the eve of a three-day weekend.

88.     Defendants, and each of them, knew or should have known that KINSLEY NJEMANZE's claims against JEREMY HALEY, were patently false.

89.     Based upon information and belief, Defendants, and each of them had access and viewed video footage, that conclusively proved the deliberate actions of KINGSLEY NJEMANZE, as described here in. There could be no reasonable or rational basis for charging JEREMY HALEY with a crime, when Mr. HALEY was clearly a victim of a violent crime.

90.     Upon arresting JEREMY HALEY on or about February 17, 2023, Defendants used excessive force and unreasonable force.

91.     Defendants, and each of them, unlawfully detained JEREMY HALEY without probable cause, when in fact Defendants knew Mr. HALEY was a victim of a very serious and potentially deadly assault with a motor vehicle.

92.     Defendants, and each of them, were deliberately indifferent to Mr. HALEY's serious medical needs.

93.     It was unreasonable for the Defendant officers who arrested Plaintiff JEREMY HALEY in February of 2023 to use any force, whatsoever, as JEREMY HALEY was visibly disabled.

**COMPLAINT FOR DAMAGES:** Case No.

94.     Plaintiff JEREMY HALEY, who was disabled at the time, did not resist arrest in any way, and unreasonable force was used by the Defendant officers who arrested JEREMY HALEY.

95.     At the time he was arrested in February of 2023, Defendants, and each of them knew or should have known that JEREMY HALEY was disabled, and entitled to the protections of the American Disabilities Act ("ADA").

96.     At the time he was arrested in February of 2023 by Defendants, and each of them, failed to provide any reasonable accommodations to JEREMY HALEY.

97.     Defendants, and each of them, knew or should have known that there was never any immediate need to take JEREMY HALEY into custody.

98.     The duties of Defendant were well established at the time of the deliberate indifference, and thus the doctrine of qualified immunity does not apply.

99.     As a direct and proximate result of the acts and omissions as described herein, JEREMY HALEY was deprived of his constitutional rights, which directly caused Plaintiff to suffer damages.

100.    As a direct and proximate result of Defendant's deliberate indifference, Plaintiff endured pain and suffering, as well as emotional distress damages, for which compensatory damages are warranted in an amount to be proven at trial.

### III.  DEMAND FOR JURY TRIAL

Plaintiff JEREMY HALEY hereby demands a trial by jury.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment in its favor and against Defendants, and each of them, as follows:

**COMPLAINT FOR DAMAGES:** Case No.

1

1.      For compensatory damages in an amount according to proof;

2

2.      For punitive damages against the individual defendants, according to proof;

3

4

3.      For attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 12205;

5

4.      For any applicable statutory penalties;

6

5.      Recovery of costs and expenses;

7

6.      Pre- and post-judgment interest;

8

7.      Such other and further relief as the Court deems just and proper.

9

Dated:  November 24, 2023                      BROD LAW FIRM, P.C.

10

11

12

By*: /S/ Gregory J. Brod*
          GREGORY J. BROD

13

          Attorneys for Plaintiff
          JEREMY HALEY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES:** Case No.